No. ——————

First Circuit Appeal.

P. L. BURGESS v. T. SIMON.

(December 30, 1924, Opinion and Decree.)
(February 18, 1925, Rehearing Refused)

(*Syllabus by the Editor.*)

1. **Louisiana Digest, Obligations—Par. 87.**
In a contract of employment for one year, where the employee starts work fifteen days late, does not receive pay for the time thus lost and works continuously under the contract without objection to the payments thereafter made. Held: the plaintiff, employee, gave his implied consent to shortening the term of the contract by fifteen days and is not entitled to pay for that period.

Appeal from the Parish of Acadia, Hon. W. W. Bailey, Judge.

This is a suit to recover money on a contract of employment. There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Modisette & Adams, of Jennings, attorneys for plaintiff, appellant.

Gremillion & Smith, of Crowley, attorneys for defendant, appellee.

MOUTON, J. April 6th, 1922, plaintiff was employed by defendant as a rice salesman from July 1st, 1922, to the 30th of June, 1923, at $3,600 for one year, the term of employment, making $300 per month, payable in equal installments semimonthly. In other words, plaintiff was entitled to the payment of $150.00 every 15 days, during the period of his employment. The agreement is in writing. At the time of the execution of the contract, plaintiff, it seems, was engaged in some profitable work, not yet finished and, at his request, defendant agreed to allow him to report for work fifteen days after July 1st, 1922, the day fixed under the agreement for the beginning of his employment. He, accordingly, began actual work at that time, and continued in the service of defendant until July 1st, 1923, when one Ryan was appointed in his place.

Plaintiff, alleging that he had faithfully discharged his obligations under the agreement for the period of his employment, that defendant had only paid him $3450.00 for his services, sues the latter for a balance of $150.00, together with five (5%) per cent per annum interest thereon from July 1st, 1923.

Plaintiff having claimed interest from July 1st, 1923, makes it clear that his demand for $150.00 is not for services rendered after June 30th, 1923, the date fixed for the expiration of the agreement.

The proof shows that plaintiff reported for work, not on the first of July, 1922, the date stipulated in the contract for the beginning of his employment, but on July 15th, 1922, fifteen days thereafter. As this delay had been granted, plaintiff at his request and unquestionably for his benefit, it is but fair to say that defendant did not expect it to be charged for services which plaintiff did not render during the period intervening between the date his employment was to commence, and the day he reported for work. The evidence shows, however, that at the end of July, 1922, a check was issued to plaintiff for fifteen

days only. Evidently, he was paid $150.00 at the end of that month for 15 days of services he had rendered from the 15th, when he began in the active service of defendant.

The proof is that when he received this check he made no demand for his wages which he now contends accrued to him during the delay he was granted by defendant before reporting for service. When plaintiff accepted these $150.00 at the end of July, 1922, he no doubt knew, it was for the services he had actually rendered. In making this payment defendant was placing a construction on the contract in which plaintiff acquiesced without urging any protest. It is also shown that plaintiff, from the date of the payment of this first installment, continued in the actual service of defendant until the 1st of July, 1923, when he was replaced by Ryan. It nowhere appears, from the record, that during this service by plaintiff to the time fixed for the termination of the contract, that he ever intimated that he was entitled to or made any claim whatsoever for his wages or salary during the period that elapsed from the time his employment was to begin, and the 15th of July, 1922. His failure to make any claim for his salary during the delay accorded him by defendant, as before stated, and his silence in reference thereto thereafter up to the time he was replaced, shows the construction put on the contract by the manner it was executed by both plaintiff and defendant, or with, at least, the implied assent of defendant, and furnishes a safe guide for its interpretation, as usually applied in cases of this character.

The testimony in the record taken in connection with the construction so placed on the contract by the parties, makes it quite clear that plaintiff is not entitled to a recovery of the $150.00 claimed by him for the delay intervening between July 1st and 15th, 1922, nor for any salary subsequent to July 1st, 1923, the date stipulated for the expiration of the agreement, as there is no evidence whatever to show that the term of the contract was ever extended, or that plaintiff performed any service after its termination, at which time plaintiff's position was filled by Ryan, his substitute.

The proof does not sustain plaintiff's demand, which was correctly rejected by the court.

Judgment affirmed.